UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

REYES DE LEON, AMILCAR DE JESUS

        Petitioner,

   v.

MICHAEL NESSINGER, Warden,
Wyatt Detention Facility;
PATRICIA HYDE, Field Office Director,
U.S. Immigration and Customs Enforcement,
Enforcement and Removal Operations,
Boston Field Office;
Markwayne Mullin Secretary,
U.S. Department of Homeland Security;
PAMELA BONDI, Attorney General
of the United States,

        Respondents.

Civil Action No. 26cv00189

**PETITION FOR WRIT OF
HABEAS CORPUS
28 U.S.C. § 2241**

## INTRODUCTION

Petitioner, Amilcar De Jesus Reyes De Leon, respectfully petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention by U.S. Immigration and Customs Enforcement ("ICE"). Petitioner has been detained at the Wyatt Detention Facility in Central Falls, Rhode Island since December 9, 2025. He has no criminal history of any kind. He was arrested when he voluntarily appeared for a scheduled ICE check-in—an act of compliance with federal immigration authorities that he had maintained without interruption for approximately ten years.

Petitioner has lived and worked legally in the United States for approximately ten years. He has held a valid work permit throughout that period and has paid taxes. His ties to this country are profound: his wife and all of his children have been granted asylum by the United States Government. His family's asylum grants were made on the basis of the same underlying

1

persecution claim that forms the foundation of his own withholding and Convention Against Torture ("CAT") applications. He is the only member of his immediate family who has not been afforded protection—not because his fear of persecution is any less genuine or well-founded than theirs, but solely because of a procedural reinstatement bar arising from an expedited removal order issued within two to three days of his arrival at the border, before he had any meaningful access to counsel or the immigration court system.

Petitioner is currently in withholding-only proceedings arising from that prior reinstated removal order. After an Immigration Judge allowed him to pursue withholding of removal and protection under the CAT, his applications were pretermitted on March 19, 2026. His appeal before the Board of Immigration Appeals ("BIA") remains pending. While detained, Petitioner requested a bond hearing. The Immigration Judge denied that request, stating that the Court "does not have jurisdiction to hold a bond hearing pursuant to Matter of Yajure Hurtado." As a result, Petitioner has been categorically denied any individualized custody determination and has no administrative avenue through which to seek release.

This petition raises two related but distinct constitutional challenges. First, the categorical elimination of any neutral forum to review the government's custody decision violates the procedural guarantees of the Due Process Clause of the Fifth Amendment. Second, detaining Petitioner without any individualized assessment of flight risk or danger—while his entire family resides in the United States under asylum protection and while his removal is not reasonably foreseeable—is arbitrary, excessive, and violates substantive due process. Petitioner respectfully requests that this Court order his immediate release or, in the alternative, order an individualized bond hearing at which the government bears the burden of justifying continued detention.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is in federal custody and challenges the legality—not merely the conditions—of that detention. Jurisdiction is independently supported by 28 U.S.C. § 1331. This Court's jurisdiction over constitutional challenges to immigration detention is well established in this Circuit and in this District. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 249 (1st Cir. 2021); *Garcia v. Hyde*, No. 1:25-cv-00585-JJM-PAS, slip op. at 3 (D.R.I. Dec. 3, 2025). A challenge to detention is independent of, and collateral to, any challenge to an underlying removal order and does not fall within the jurisdictional bar of 8 U.S.C. § 1252(b)(9). See *Chavez v. Noem*, 2025 WL 2730228, at *4 (S.D. Cal. Sept. 30, 2025).

Venue lies in the District of Rhode Island because Petitioner is physically detained at the Wyatt Detention Facility in Central Falls, Rhode Island, and his immediate custodian, Warden Michael Nessinger, is located within this District. See *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

## PARTIES

Petitioner Amilcar De Jesus Reyes De Leon is a noncitizen currently detained by ICE at the Wyatt Detention Facility, 950 High Street, Central Falls, Rhode Island 02863. His alien registration number is A# 209-336-635.

Respondent Michael Nessinger is the Warden of the Wyatt Detention Facility and is Petitioner's immediate custodian. He is the proper respondent for purposes of this habeas petition. See *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Respondent Patricia Hyde is the Field Office Director of ICE Enforcement and Removal Operations, Boston Field Office, and is responsible for Petitioner's detention and custody decisions within the ICE system.

Respondent Kristi Noem is the Secretary of the U.S. Department of Homeland Security and is responsible for the administration and enforcement of the immigration laws under which Petitioner is detained. She is sued in her official capacity.

Respondent Pamela Bondi is the Attorney General of the United States and is responsible for the administration of the immigration court system and the execution of removal orders. She is sued in her official capacity.

## FACTUAL BACKGROUND

### A. Petitioner's Entry, Expedited Removal, and Subsequent History

Petitioner is a national of Guatemala. Approximately ten years ago, he entered the United States shortly after having been subjected to an expedited removal order at the border. That order was issued within two to three days of his initial arrival by a U.S. Customs and Border Protection officer, without any hearing before an Immigration Judge and without any access to counsel. Petitioner was not afforded a meaningful opportunity to present his fear of persecution or torture prior to that removal.

Approximately three months after that removal, Petitioner reentered the United States. He has resided continuously in the United States for the approximately ten years since that reentry. During that entire period, he obtained lawful work authorization and has worked legally, paying state and federal taxes. He has been a productive and law-abiding member of his community. He has no criminal history whatsoever—no arrests, no charges, no convictions of any kind.

During his time in the United States, Petitioner applied for asylum and work authorization. He has held a valid employment authorization document ("EAD") throughout his time here and has maintained continuous compliance with all immigration reporting requirements, including appearing for scheduled ICE check-ins without fail.

**B. His Family's Asylum Grants and the Persecutory Threat**

Petitioner's wife and all of his children have been granted asylum by the United States Government. Those asylum grants were based on the same underlying facts and fear of persecution that form the basis of Petitioner's own withholding and CAT claims. The United States Government has thus formally determined that Petitioner's family faces a well-founded fear of persecution in their country of origin. Petitioner faces the identical threat.

Petitioner is the only member of his immediate family who has not been afforded protection— not because his fear is less credible or well-founded, but solely because the reinstatement bar under 8 U.S.C. § 1231(a)(5) forecloses his access to asylum. His family members obtained asylum through the ordinary asylum process; Petitioner's pathway to that same protection was cut off by the expedited removal order issued before he had any meaningful opportunity to present his claim. The Government's own asylum grants for his family constitute strong corroborating evidence that his fear of persecution is genuine and well-founded.

**C. Petitioner's Detention and Withholding-Only Proceedings**

On December 9, 2025, Petitioner appeared for a scheduled ICE check-in—as he had done consistently throughout his years in the United States. At that check-in, ICE placed him under arrest and detained him. He has been detained at the Wyatt Detention Facility since that date.

Because Petitioner had a prior reinstated order of removal, he was placed in withholding-only proceedings under 8 C.F.R. § 1208.31. Following an initial negative reasonable fear determination, an Immigration Judge reviewed that determination and found that Petitioner had established a reasonable fear of persecution or torture, permitting him to pursue applications for withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the CAT, 8 C.F.R. § 1208.16(c).

On March 19, 2026, the Immigration Judge pretermitted Petitioner's applications for withholding and CAT protection. Petitioner filed a timely appeal to the Board of Immigration Appeals. That appeal is currently pending. Petitioner's removal is therefore not presently authorized and is not reasonably foreseeable.

## D. The Categorical Denial of Any Bond Hearing

While detained, Petitioner requested that the Immigration Court conduct a bond hearing so that an individualized determination could be made as to whether his continued detention is warranted. The Immigration Judge denied that request, expressly stating that the court "does not have jurisdiction to hold a bond hearing pursuant to *Matter of Yajure Hurtado*." *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). As a result of that ruling, Petitioner has no administrative avenue through which to obtain any individualized custody determination.

The government has not asserted—and cannot assert—that Petitioner is dangerous or that he presents a meaningful flight risk. He has no criminal history, has lived in the United States for ten years with a valid work permit, has consistently complied with all reporting requirements, and his wife and children are present in the United States under asylum protection. He has every incentive to remain and no incentive to flee.

## LEGAL FRAMEWORK

## A. The Applicable Detention Statute: 8 U.S.C. § 1231

Petitioner is detained pursuant to 8 U.S.C. § 1231 because he is subject to a reinstated order of removal and is in withholding-only proceedings. *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021). Section 1231(a)(2) requires detention during the ninety-day removal period following a final order. After that removal period expires, however, § 1231(a)(6) provides only that certain

aliens "may be detained" beyond that period—not that they shall be. Congress's deliberate choice of the permissive "may" rather than the mandatory "shall" reflects that post-removal-period detention under § 1231(a)(6) is discretionary, not mandatory.

Section 1231(a)(3) further provides that aliens not removed within the removal period "shall be subject to supervision" under regulations prescribed by the Attorney General. The statute thus expressly contemplates release under an order of supervision as an alternative to continued detention. Read together, §§ 1231(a)(3) and (a)(6) presuppose that someone must make an individualized judgment about whether a particular person warrants continued detention or release on supervision. The statute does not authorize categorical, unreviewable detention.

The Supreme Court has held that § 1231(a)(6) must be construed in light of the serious constitutional concerns that would arise from authorizing indefinite detention. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Although the Supreme Court later held that § 1231 does not itself require bond hearings as a matter of statutory interpretation, it expressly preserved constitutional challenges to prolonged or unreviewable detention. *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 581–82 (2022) ("We do not address [petitioners'] alternative argument that the Constitution requires bond hearings"). This petition raises precisely those preserved constitutional claims.

Moreover, to the extent Respondents rely on the BIA's interpretation in *Matter of Yajure Hurtado* to justify the categorical denial of any custody review, that deference is no longer available. In *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412–13 (2024), the Supreme Court overruled *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), and held that courts must exercise independent judgment in determining whether an agency has acted within its statutory authority. This Court owes no deference to the BIA's interpretation of §1231(a)(6) in *Yajure Hurtado*. Courts across the country—including courts within

This Circuit—have independently concluded that the BIA's categorical no-bond interpretation raises serious statutory and constitutional concerns. See *Elias Escobar v. Hyde*, No. 1:25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025); *Chogllo Chafla v. Scott*, No. 2:25-cv-00437-SDN, 2025 WL 2688541, at *7–8 (D. Me. Sept. 22, 2025).

**B. Due Process Applies Fully to Petitioner**

The Due Process Clause of the Fifth Amendment applies to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Petitioner has been physically present in the United States for approximately ten years and has effected an entry; he is not an applicant for initial admission and has full due process rights. See *Dume Rivera v. Hyde*, No. 1:25-cv-12833-FDS, slip op. at 4 (D. Mass. Oct. 16, 2025). Freedom from physical restraint is the core of the liberty interest protected by the Due Process Clause. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Civil detention constitutes a severe deprivation of liberty that requires adequate procedural safeguards. *Addington v. Texas*, 441 U.S. 418, 425 (1979). Civil detention may not be imposed as punishment and must bear a reasonable relation to its nonpunitive purpose. *United States v. Salerno*, 481 U.S. 739, 746–52 (1987). Courts in this Circuit have recognized that immigration detention without adequate procedural protections raises serious constitutional concerns. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256–57 (1st Cir. 2021).

**CLAIMS FOR RELIEF**

**CLAIM ONE: Violation of the Fifth Amendment — Procedural Due Process**

Procedural due process requires, at a minimum, notice and a meaningful opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333

(1976). The three-part *Mathews* balancing test weighs: (1) the private interest affected; (2) the risk of erroneous deprivation and the value of additional procedural safeguards; and (3) the government's interest, including the fiscal and administrative burdens of additional process. *Id.* at 335.

The first *Mathews* factor weighs heavily in Petitioner's favor. Petitioner has been detained since December 9, 2025. Physical liberty is the most fundamental interest protected by the Due Process Clause. *Zadvydas*, 533 U.S. at 690. Petitioner has a family, a work history, and deep community ties. His wife and children reside in the United States having been granted asylum protection. Every day of detention separates him from his family and from the life he has built over ten years of lawful presence.

The second *Mathews* factor also weighs heavily in Petitioner's favor. The risk of erroneous deprivation is substantial precisely because there is no process at all. The Immigration Judge expressly held that it lacks jurisdiction to conduct any bond hearing under *Matter of Yajure Hurtado*. There is accordingly no forum in which the government is required to justify its detention decision—no hearing at which Petitioner can demonstrate that he is not a flight risk or a danger, no neutral decisionmaker who has weighed his specific circumstances. Where no process exists, the risk of erroneous detention is not merely elevated—it is unchecked. An individualized bond hearing would dramatically reduce that risk by requiring the government to present specific evidence and by allowing Petitioner to present contrary evidence regarding his ten years of compliance, his family ties, and his absence of any criminal history.

The third *Mathews* factor does not favor Respondents. The government's interest in administering its detention system efficiently does not justify eliminating individualized review entirely. Bond hearings are a routine administrative function performed daily in immigration

courts across the country. The fiscal and administrative burden of conducting a single bond hearing for Petitioner is minimal. By contrast, Petitioner has been detained for months at significant cost to the government, without any hearing to assess whether that detention serves any legitimate purpose.

The categorical denial of any individualized forum—based on a blanket agency interpretation that this Court must review independently under *Loper Bright*—violates Petitioner's right to procedural due process. Courts in this District and throughout the First Circuit have held that detained noncitizens are constitutionally entitled to some meaningful process to challenge their detention. *Garcia v. Hyde*, No. 1:25-cv-00585-JJM-PAS, slip op. at 17–20 (D.R.I. Dec. 3, 2025); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256–57 (1st Cir. 2021).

**CLAIM TWO: Violation of the Fifth Amendment — Substantive Due Process**

The Due Process Clause independently prohibits government detention that is arbitrary or excessive in relation to its legitimate purpose. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Civil detention must bear a reasonable relation to a legitimate, nonpunitive government purpose. *United States v. Salerno*, 481 U.S. 739, 746–47 (1987). The government's interest in civil immigration detention is generally to ensure appearance at proceedings and to protect the community from danger. *Demore v. Kim*, 538 U.S. 510, 528 (2003).

Neither justification supports Petitioner's continued detention. Petitioner presents no danger to the community. He has no criminal history of any kind—no arrests, charges, or convictions. He has lived peaceably in the United States for ten years. There is no evidence, and Respondents have asserted no basis for concluding, that he poses any threat to anyone.

Petitioner also presents no meaningful flight risk. He voluntarily appeared at ICE for his scheduled check-in on the very day he was arrested. He has complied with all immigration reporting requirements for years. His wife and children reside in the United States under asylum protection— he has every incentive to remain in the country and no incentive to flee. His entire life and family are here. The government's own determination that his family members face persecution abroad makes it less, not more, likely that he would voluntarily return to his country of origin.

Moreover, Petitioner's detention is not reasonably connected to an imminent removal. His BIA appeal is pending. Until that appeal is resolved, his removal is not authorized. Even after the BIA rules, the underlying persecution claim—which the government has already validated by granting asylum to his entire family—raises serious questions about whether removal to his country of origin would ever be feasible or lawful. Detention untethered from a reasonably foreseeable removal date serves no legitimate statutory purpose and is arbitrary under *Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001).

Detaining Petitioner indefinitely—without any individualized assessment of his specific circumstances, relying on a categorical rule that eliminates review entirely, while his family lives in the United States under protection this Government itself has granted—is not reasonably related to any legitimate government interest. It is punitive in effect, if not in design, and violates Petitioner's substantive due process rights.

**CLAIM THREE: Unlawful Prolonged Detention Under 8 U.S.C. § 1231 and the Fifth Amendment**

Under 8 U.S.C. § 1231(a)(6), detention is permissible only for a period "reasonably necessary" to effectuate removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). The Supreme Court

recognized a presumptively reasonable six-month period, after which continued detention must be justified by a showing that removal is significantly likely in the reasonably foreseeable future. *Id.* at 701. Although Petitioner's detention has not yet reached six months, the constitutional analysis does not turn on that threshold alone—it turns on whether detention is reasonably connected to a legitimate statutory purpose.

Petitioner's removal is not presently authorized. His BIA appeal is pending, and removal cannot proceed until those proceedings are final. Even if the BIA were to affirm the IJ's pretermission order, serious questions would remain about whether removal is lawfully available given the asylum grants issued to his family on the same persecution claim. There is no indication of a near-term removal date.

Critically, Petitioner has no administrative mechanism through which to obtain any individualized review of his custody status. The absence of any process compounds the constitutional problem: he is detained with no end point and no forum. The combination of a pending BIA appeal of uncertain duration, the absence of any imminent removal timeline, and the categorical elimination of any custody review renders continued detention constitutionally infirm. *Zadvydas*, 533 U.S. at 699–700; see also *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

There is no statutory exhaustion requirement applicable to a habeas petition under 28 U.S.C. § 2241. To the extent any judicially imposed exhaustion requirement might otherwise apply, it is inapplicable here for two independent reasons.

First, and foremost, exhaustion is demonstrably futile. The Immigration Court has already expressly stated that it lacks jurisdiction to conduct a bond hearing. There is no administrative

remedy to exhaust as the administrative forum has been closed by the agency's own interpretation. Courts do not require the exhaustion of remedies that are unavailable or that have been deemed futile by the agency itself. *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992).

Second, exhaustion would cause undue prejudice. Each additional day of detention without any process causes irreparable harm to Petitioner's liberty interest, his family relationships, his emotional state, and his livelihood. Requiring exhaustion of a nonexistent administrative remedy would serve no purpose other than to extend that irreparable harm.

## REQUEST TO PREVENT TRANSFER

Federal district courts retain inherent equitable authority to order that a habeas petitioner not be transferred outside the district during the pendency of a habeas proceeding. See *Aref v. Holder*, 774 F. Supp. 2d 147, 163 (D.D.C. 2011); *E.V. v. Raycraft*, No. 4:25-CV-2069, 2025 WL 3122837, at *7 (N.D. Ohio Nov. 7, 2025). Transferring Petitioner outside this District would divest this Court of jurisdiction, sever his access to counsel, and frustrate this Court's ability to provide meaningful relief. Petitioner respectfully requests that this Court enter an order prohibiting Respondents from transferring Petitioner outside the District of Rhode Island for the pendency of this action.

## REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1.    Assume jurisdiction over this matter and issue an Order to Show Cause directing Respondents to show cause why this petition should not be granted;

2.    Order Respondents not to transfer Petitioner outside the District of Rhode Island during the pendency of this action;

3.    Issue a writ of habeas corpus and declare that Petitioner's continued detention without any individualized custody determination is unlawful under the Due Process Clause of the Fifth Amendment;

4.    Order Petitioner's immediate release under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3); or, in the alternative,

5.    Order Respondents to provide Petitioner with an individualized bond hearing before a neutral decisionmaker within seven (7) days of the Court's order, at which Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner's continued detention is justified; and

6.    Grant such other and further relief as this Court deems just and proper.


Respectfully submitted,

/s/ *Emili Vaziri*

Emili Vaziri, Esq.
RI Bar No. 4952
160 Plainfield Street
Providence, RI 02909
Tel: (401) 944-6430

Counsel for Petitioner Amilcar De Jesus Reyes De Leon

Dated: March 31, 2026

**CERTIFICATE OF SERVICE**

I, Emili Vaziri, Esq., hereby certify that on March 31, 2026, I caused a true and correct copy of the foregoing Petition for Writ of Habeas Corpus to be served upon the following parties by United States Certified Mail, addressed as follows:

1.  **Michael Nessinger, Warden**
    Wyatt Detention Facility
    950 High Street
    Central Falls, Rhode Island 02863

2.  **Patricia Hyde, Field Office Director**
    U.S. Immigration and Customs Enforcement
    Enforcement and Removal Operations, Boston Field Office
    P.O. Box 8728
    Boston, Massachusetts 02114

3.  **Markwayne Mullin, Secretary**
    U.S. Department of Homeland Security
    2707 Martin Luther King Jr. Ave. SE
    Washington, D.C. 20528

4.  **Pamela Bondi, Attorney General of the United States**
    U.S. Department of Justice
    950 Pennsylvania Avenue, N.W.
    Washington, D.C. 20530-0001

5.  **United States Attorney for the District of Rhode Island**
    Sara M. Bloom, Assistant U.S. Attorney
    One Financial Plaza, 17th Floor
    Providence, Rhode Island 02903

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2026.

/s/ *Emili Vaziri*