UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMILCAR DE JESUS REYES DE LEON,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL NESSINGER, Warden of Wyatt Detention Facility; PATRICIA HYDE, Director ICE Boston Field Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and, TODD BLANCHE, Acting Attorney General of the United States, in their official capacities,<br><br>    Respondents. | C.A. No. 1:26-CV-00189-MSM-PAS |

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Petitioner, Amilcar De Jesus Reyes De Leon's, Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Petitioner is a Guatemalan national who has resided continuously in the United States for approximately ten years, has held a valid work authorization throughout that period, and has no criminal history. *Id.* at 4. His wife and his children are lawful residents of the United States, each having been granted asylum by the United States Government on the basis of the same underlying persecution claim that forms the foundation of the Petitioner's own withholding and Convention Against Torture

1

("CAT") applications. *Id.* at 1-2. He has been detained at the Wyatt Detention Facility since December 9, 2025, when ICE arrested him while he voluntarily appeared for a scheduled check-in. *Id.* at 5.

The Petitioner is detained under 8 U.S.C. § 1231 in withholding-only proceedings stemming from a reinstated order of removal. *Id.* An Immigration Judge dismissed his applications for withholding of removal and CAT protection on March 19, 2026. *Id.* at 6. His appeal to the Board of Immigration Appeals ("BIA") is pending. *Id.* His removal is therefore not presently authorized. When the Petitioner requested a bond hearing, the Immigration Judge denied that request on the ground that it "does not have jurisdiction to hold a bond hearing pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025)." *Id.* No administrative avenue remains through which the Petitioner can obtain any individualized review of his custody status.

The Court concludes that this denial of any individualized custody review violates the Petitioner's right to procedural due process under the Fifth Amendment. The three-part balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighs in his favor. First, as to the private interest affected, physical liberty is the most fundamental interest protected by the Due Process Clause. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation is not merely elevated here, it is entirely unchecked because there exists no forum where the government is required to justify its decision to detain him. Third, the government's burden of conducting a single bond hearing is minimal.

The BIA's categorical no-bond interpretation in *Matter of Yajure Hurtado* does not compel a different result. In *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the Supreme Court held that courts must exercise independent judgment in determining the scope of an agency's statutory authority. This Court owes no deference to the BIA's interpretation of § 1231(a)(6) and independently concludes that the statute does not authorize the categorical elimination of any individualized custody review for individuals in withholding-only proceedings whose removal is not reasonably foreseeable. *See Elias Escobar v. Hyde*, 1:25-cv-12620-IT, 2025 WL 2823323, at *3 (D. Mass. Oct. 3, 2025); *Chogllo Chafla v. Scott*, 2:25-cv-00437-SDN, 2025 WL 2688541, at *7–8 (D. Me. Sept. 22, 2025).

The Court further finds that administrative exhaustion is not required. The Immigration Court has already determined that it lacks jurisdiction to conduct a bond hearing. There is no administrative remedy to exhaust. *See McCarthy v. Madigan*, 503 U.S. 140, 148 (1992).

Accordingly, the Court GRANTS the Petition (ECF No. 1) as follows. The Government is ORDERED to provide the Petitioner with a bond hearing before an Immigration Judge no sooner than 30 days from the date of this Order. The Government is ORDERED to provide the Petitioner and his attorney with adequate notice of the date and time of that hearing. Further, the Court ORDERS the Government to release the Petitioner immediately pending the bond hearing. The Court permits the Petitioner's transfer to effectuate his release and the return of his property. The Government shall set minimal release conditions that will reasonably

3

assure the Petitioner's appearance at the bond hearing.  Finally, the Court ORDERS the Government to file a status report within five days of the Petitioner's bond hearing, stating whether he has been granted bond and, if his request for bond was denied, the specific reasons for that denial.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

April 20, 2026

4